# Exhibit A

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JASON NESBIT, STEPHANIE STORDAHL, LINDA HOBBS, and SHANNON CHARLES, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | No.    2017CH00916 CALENDAR/ROOM 16 TIME 00:00 Class Action |
| v. | ) ) | |
| WEST INTERACTIVE SERVICES CORPORATION , a Delaware corporation, | ) ) | Judge: |
| *Defendant.* | ) ) ) | |

### CLASS ACTION COMPLAINT

Plaintiffs Jason Nesbit, Stephanie Stordahl, Linda Hobbs and Shannon Charles, ("Plaintiffs") bring this class action complaint against Defendant, West Interactive Services Corporation d/b/a SchoolMessenger ("Defendant" or "SchoolMessenger"), to stop Defendant's unlawful automated calling practices in the form of unauthorized prerecorded and/or artificial voice calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For their Class Action Complaint, Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.    In an effort to advance its education technology business, Defendant, a provider of automated calling services to school districts throughout the country, violated federal law by making unauthorized, non-emergency informational calls using a prerecorded or artificial voice ("robocalls") to the cellular telephones of individuals throughout the nation.

2.    The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations, 47 C.F.R. §64.1200, *et seq.*, prohibit companies, such as Defendant, from placing automated informational calls featuring an artificial or prerecorded voice to cellular telephones without first obtaining the prior express consent of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Report and Order, CG Docket No. 02-278* (Feb. 15, 2012); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Declaratory Ruling, CG Docket No. 02-278* (Aug. 4, 2016).

3.    Defendant has violated, and continues to violate, the TCPA and its regulations by placing automated calls that feature an artificial or prerecorded voice to the cellular telephones of individuals, including Plaintiffs, who did not provide prior express consent to receive such calls.

4.    By effectuating these unsolicited robocalls, Defendant has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiffs, frequently have to pay their cellular phone providers for the receipt of such calls, notwithstanding the fact that the calls are made in violation of specific legislation on the subject.

5.    In order to redress these injuries, Plaintiffs, on behalf of themselves and a nationwide Class, bring this suit under the TCPA, which protects the privacy right of consumers to be free from receiving unsolicited prerecorded voice calls on their cellular telephones.

6.    On behalf of the Class, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized calls to cellular telephones that use a prerecorded or artificial voice and an award of statutory damages to the class members, together with costs and attorneys' fees.

2

## JURISDICTION AND VENUE

7.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is registered to do business in this state and is doing business within this State and because Defendant maintains offices in Cook County directly or through affiliates.

8.     Venue is proper in Cook County under 735 ILCS 5/2-101, because Defendant conducts business in Cook County and a substantial part of the events concerning the unauthorized robocalls at issue occurred in Cook County, as certain of Defendant's unsolicited prerecorded calls were received in Cook County from phone numbers utilized by Defendant in Cook County.

## PARTIES

9.     Plaintiff Nesbit is a resident of Illinois.

10.    Plaintiff Stordahl is a resident of Michigan.

11.    Plaintiff Hobbs is a resident of Illinois.

12.    Plaintiff Charles is a resident of California.

13.    Defendant is a provider of calling technology and services to school districts located throughout the nation, including in Illinois and Cook County.  Formerly known as Reliance Communications, LLC d/b/a SchoolMessenger, Defendant is a Delaware corporation with its principal place of business in Nebraska, and conducts business in Illinois and Cook County directly and through affiliated entities.

## COMMON ALLEGATIONS OF FACT

14.    Defendant is a provider of automated calling services for primary and secondary schools throughout the country.   Defendant's automated calling service, known as

3

SchoolMessenger, is a notification system that is intended to permit schools to broadcast messages to their intended audiences, primarily consisting of students and their parents, through the widest possible range of communication channels including automated calling.

15.     The scope and breadth of Defendant's automated calling operation is vast, having the capability to deliver automated voice messages to over one million phone numbers per day on behalf of hundreds, if not thousands, of customer schools simultaneously.

16.     Defendant provides its automated calling services to schools, including in Illinois, through contracts known as service agreements. These agreements provide for outbound calling by Defendant for various purposes on behalf of its customer schools, including daily attendance notification calls and other similar calls deemed exempt by the Federal Communications Commission from the consent requirements of the TCPA.

17.     In an effort to increase sales and to attract additional customers to its automated calling services, Defendant has expanded the types of automated calls it places to include calls for purposes that have not been exempted by the FCC from the consent requirements of the TCPA, including fundraising events, political campaigns, community activities, civic matters and social occasions, among many others.

18.     Indeed, because Defendant markets its automated calling services to its customers as virtually limitless, Defendant has a vested commercial interest in placing calls for as many purposes as requested by its clients. However, at the same time, Defendant has not placed any effective limitation on its automated calling operation to ensure that advance consent is obtained from the called party for all types of calls so as to prevent it from placing unauthorized robocalls.

4

19.     As a result, Defendant routinely places prerecorded telephone calls to the cellular telephones of individuals who never provided consent to be called by Defendant or its customers for such purposes, in violation of the TCPA.

20.     For example, Plaintiffs have had their privacy invaded by Defendant on numerous occasions over the past several years, and regularly receive informational robocalls containing a prerecorded or artificial voice even though at no time did Plaintiffs sign up for, or otherwise consent to receive, such calls from Defendant.

21.     Nor were the calls placed by Defendant to Plaintiffs exempt from having to obtain proper consent as many of them were purely informational and did not relate to any emergency situation or a student's attendance.

22.     Accordingly, Defendant has repeatedly failed to comply with applicable federal law prohibiting unsolicited prerecorded informational calls placed to cellular telephones, including those placed on behalf of schools.

23.     Besides being an invasion of privacy and violating the TCPA, the unauthorized robocalls Defendant placed to Plaintiffs' cellular telephones forced them to spend significant amounts of time listening to the prerecorded messages and deleting any unwanted messages from their voicemail system, and also regularly interfered with the use of their cellular telephones.

24.     Defendant has also repeatedly failed to comply with applicable provisions of the contracts into which it has entered with its customer schools, whose contracts with Defendant require compliance with all federal laws, including the TCPA.

25.     Indeed, Defendant's placement of large quantities of prerecorded calls of dubious import results in the recipients of such calls frequently ignoring or deleting otherwise urgent school-related messages, such as those concerning unscheduled student absences, building

5

closings, security threats, inclement weather events and other subjects deemed by the FCC to warrant immediate communication in the form of unsolicited robocalls, in direct contravention of the very purpose of the service for which Defendant's customer schools have contracted.

26. Not only do Defendant's robocalls waste public money, they also serve to undermine support for public schools in their respective communities through increased frustration toward the schools among the residents who receive such calls, including Plaintiffs, through reduced good will and confidence in such schools' management, and through an increased risk that calls about subjects which warrant such immediate communication are ignored by their intended recipients.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs brings this action on behalf of themselves and a class (the "Class"), defined as: All persons in the United States and its Territories whose cellular telephones were sent one or more non-emergency telephone calls by Defendant featuring a prerecorded or artificial voice and for whom neither Defendant nor any of its customers have a record of express consent to receive such calls.

28. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

29. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of

common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

30.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

31.     The factual and legal bases of Defendant's liability to the Plaintiffs and to the other members of the Class are the same, resulting in injury to Plaintiffs and to all of the other members of the Class.  Plaintiffs and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

32.     Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

33.     There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to, the following:

> (a)     Did Defendant and/or its agents place informational calls using a prerecorded or artificial voice to persons who did not previously provide consent to receive such calls on their respective cellular telephone numbers?
>
> (b)     Did the unauthorized calls made by Defendant using a prerecorded or artificial voice violate the TCPA?

(c)     Did the unauthorized calls made by Defendant using a prerecorded or artificial voice violate the called parties' respective rights to privacy?

(d)     Was Defendant's conduct in violation of the TCPA willful such that the Class members are entitled to treble damages?

## COUNT I
**(Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Class)**

34.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

35.     Defendant made unsolicited and unauthorized calls using a prerecorded or artificial voice to the cellular telephone numbers of Plaintiffs and the other members of the Class.

36.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and its implementing regulations, 47 C.F.R. §64.1200, *et seq*.

37.     As a result of Defendant's illegal conduct, Plaintiffs and the other members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

38.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Class.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of the greater of actual or statutory damages;

8

3.   An injunction requiring Defendant to cease all unauthorized prerecorded telephone activities;

4.   Pre-judgment interest from the date of filing this lawsuit;

5.   An award of reasonable attorneys' fees and costs;

6.   Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated:  January 20, 2017

                                        JASON NESBIT, STEPHANIE STORDAHL,
                                        LINDA HOBBS, and SHANNON CHARLES
                                        individually and on behalf of a class of similarly
                                        situated individuals

                                        By: _____

                                        One of Plaintiffs' Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

9